UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DAVID JACOB THELEN,<br>Defendant. | 1:21-CR-10010-01-CBK<br>ORDER |

Defendant pleaded guilty to conspiracy to distribute methamphetamine and was sentenced on November 14, 2022, to 98 months imprisonment. Based upon a total offense level of 29 and a criminal history category of III, defendant's guideline sentencing range was 108 – 135 months. He was subject to a mandatory minimum sentence of 120 months but qualified to the safety valve provision of 18 U.S.C. § 3553(f). The Court imposed a variance below the guideline range to avoid a sentence disparity between defendant and a similarly situated codefendant. The BOP has calculated his release date as February 17, 2029. https://www.bop.gov/inmateloc/, last visited January 29, 2024. He is currently housed at the Federal Prison Camp in Duluth, Minnesota.

Defendant filed a motion for compassionate release under the First Step Act. Defendant requested the appointment of counsel but the Public Defender has filed a notice of intent not to supplement the motion. The government has not responded to the motion.

## DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission was established by the Sentencing Reform

Act, codified at 18 U.S.C. § 3582(c)(1)(A). Effective November 1, 2006, the Sentencing Commission adopted Guideline §1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

On December 21, 2018, the First Step Act of 2018 was enacted. Pub. L. 115-391. The First Step Act amended, *inter alia*, § 3582(c)(1)(A) to increase the use and transparency of the compassionate release process. The Act added district court authority to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act."

Defendant requests compassionate release based upon his wife's medical condition and their age, contending that this Court should not require them to die apart. Guidelines § 1B1.13(b)(3)(B) provides that extraordinary and compelling reasons exist when, *inter alia*, the following family circumstance is present:

> The incapacitation of the caregiver of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

The presentence report shows that defendant and his spouse were married in 1977 but, as of the date of the presentence report, had been separated for 15 years. His estranged spouse suffers from Multiple Sclerosis and is a quadriplegic. The attachments to defendant's motion show that she has suffered such conditions since 2007. The

presentence report also shows that defendant and his estranged spouse have five adult children and 27 grandchildren who live in the same city as his estranged spouse. His desire to care for her apparently is a new phenomenon as he was not living with and caring for her during his offense conduct or thereafter. Further, he provides no information showing that he is the only available caregiver.

Defendant contends that compassionate release is warranted because he is at a high risk of death if he contracts RSV or COVID while in prison. Section 1B1.13(b)(1)(D) provides that extraordinary and compelling reasons exist the following medical circumstance is present:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

Defendant has not alleged that there is any ongoing outbreak of infectious disease and there is not presently any declared public health emergency. He is not eligible for release under the above provision.

Finally, defendant contends that he is at a "'high risk' where health is concerned," citing his medical conditions, including Stage 3 kidney disease, high blood pressure, enlarged prostate, high cholesterol, and anxiety. Section 1B1.13(b)(1) provides that extraordinary and compelling reasons exist when, as relevant to this case, (A) defendant is suffering from a terminal illness, (B) defendant is suffering from a serious medical condition or experiencing deteriorating physical health because of the aging process which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or (C) defendant "is suffering from a medical condition that requires long-term

3

or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Defendant has not shown that any of the foregoing warrant compassionate release.

The presentence report shows that defendant began distributing methamphetamine no later than 2019 and continuing through 2021. He was then age 62-63. He was age 65 when sentenced and is now age 66. At the time his presentence report was prepared, he had been suffering from diabetes for ten years which he was controlling with his diet. He believed that he was suffering from kidney issues but had not sought medical attention for any such issue. He was diagnosed with chronic stage 3 kidney disease, high blood pressure, enlarged prostate, high cholesterol, and anxiety in March 2023 while in BOP custody. Defendant does not allege that his medical conditions are terminal, that he is unable to provide self-care while in prison, or that he requires medical care that is not being provided by the BOP.

The Sentencing Commission also authorizes release pursuant to USSG § 1B1.13(b)(5), commonly referred to as the "catch-all" provision. Under that provision, "extraordinary and compelling reasons" exist authorizing compassionate release if:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Defendant has not set forth any claims that would entitle him to compassionate release under any provision of the Federal Sentencing Guidelines.

Even if defendant's family circumstances and current health conditions established extraordinary and compelling reasons justifying his early release, I must still consider the provisions of 18 U.S.C. § 3553 in determining whether defendant is entitled to an earlier release.

Defendant "bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). Defendant was part of an extensive drug conspiracy on one of the Indian reservations in South Dakota. Such conduct is reprehensible, compounding the already difficult conditions under which

4

those citizens live. This drug conspiracy was orchestrated by the Sinaloa drug cartel which further endangered the citizens as well as those he recruited to sell methamphetamine. Defendant's sentence was lenient. He was allowed to remain on pretrial release upon his arrest and was only detained after his guilty plea in August 2022. He has served approximately 17 months of custody for his offence.

I find that compassionate release is not warranted in this case. Release, resulting in a lower sentence, would not serve the interest in affording just punishment to the defendant for his offense conduct.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 171, for compassionate release is denied.

DATED this 3rd day of February, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge